UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY P. GALLANT,
Plaintiff

vs.

MR. HOLDREN, et al.,
Defendants.

Case No. 1:16-cv-00383

Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

**I. Introduction**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this pro se action under 42 U.S.C. § 1983 claiming violations of his Eighth Amendment rights. The matter is before the Court on the following motions filed by plaintiff: (1) motion to appoint counsel (Doc. 4); motion seeking the Court's assistance (Doc. 7); application to appeal the denial of his motion for class certification (Doc. 16); and motion to amend/correct the complaint (Doc. 17).

**II. Background**

Plaintiff was granted leave to proceed *in forma pauperis* in this matter. (Doc. 1). Plaintiff, who purported to bring this action on behalf of a class of prisoners at SOCF, filed a motion for class certification in connection with his complaint. (Doc. 1-4). The undersigned issued an Order and Report and Recommendation following *sua sponte* review of the complaint and motion on April 21, 2016. (Doc. 6). The undersigned recommended that plaintiff's motion for class certification be denied on the grounds plaintiff lacks standing to assert the constitutional rights of other prisoners, and he is not permitted as a pro se litigant to bring a class action lawsuit concerning prison conditions. (*Id*. at 3-4). The undersigned further recommended that several Eighth Amendment claims be dismissed but ordered that plaintiff could proceed on his Eighth

Amendment claim brought in connection with a sewage leak that occurred on February 13, 2016. (*Id.* at 5-6). Plaintiff was ordered to provide service copies of the complaint for each of the named defendants so that service could be executed on defendants within 30 days. (*Id.* at 6). The District Judge issued an Order adopting the Report and Recommendation on July 7, 2016. (Doc. 13).

### III. Plaintiff's application to appeal the denial of his class certification motion (Doc. 16)

Plaintiff filed an application to appeal the denial of his motion for class certification pursuant to Fed. R. Civ. P. 23(f) on July 14, 2016. (Doc. 16). Rule 23(f) states:

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Fed. R. Civ. P. 23(f). Thus, under the Rule, plaintiff was required to file an appeal from the denial of his motion for class certification in the Court of Appeals. The District Court does not have the authority under Rule 23 to grant plaintiff the right to file an appeal from the Order denying his motion for class certification. Plaintiff's application to appeal the District Court's Order is therefore denied.

### IV. Plaintiff's motion to appoint counsel (Doc. 4)

Plaintiff filed a motion to appoint counsel on April 21, 2016. (Doc. 4). Plaintiff filed the motion on behalf of the class of individuals he purports to represent. Plaintiff alleges that his incarceration will severely hamper his ability to litigate this case; the legal issues are complex; and the trial will involve conflicting testimony and facts to be presented on behalf of a class of plaintiffs.

Although plaintiff alleges that he seeks the appointment of counsel on behalf of a class of individuals, plaintiff is limited to pursuing this case on his own behalf. Insofar as plaintiff seeks to have counsel appointed to represent him, the law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore, plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED**.

### V. Plaintiff's motion seeking the Court's assistance (Doc. 7)

Plaintiff filed his motion seeking the Court's assistance on April 27, 2016. (Doc. 7). Plaintiff states that he does not have a copy of the complaint he filed in this matter, and he asks the Court to send him a copy so that he can comply with the Court's Order to provide service copies of the complaint for each of the named defendants. (*Id.* at 6). The Court will direct the Clerk to send a copy of the complaint to plaintiff to enable him to comply with the Court's Order.

### VI. Plaintiff's motion to amend/correct the complaint (Doc. 17)

Plaintiff filed a motion to amend/correct the complaint on July 14, 2016. (Doc. 17). Plaintiff apparently seeks an opportunity to amend his class allegations so that the Court can

reconsider his request for class certification. To allow plaintiff to amend the class certification allegations of his complaint for this reason would be futile. *See Brumbalough v. Camelot Care Ctrs., Inc.*, 472 F.3d 996, 1001 (6th Cir. 2005) (in deciding whether to grant leave to amend, the Court should consider futility of amendment). The Court has determined in connection with the motion for class certification that plaintiff lacks standing to assert the constitutional rights of other prisoners and is not permitted as a pro se litigant to bring a class action lawsuit concerning prison conditions. (Doc. 6 at 3-4; Doc. 13). Plaintiff's motion to amend/correct the class certification allegations of the complaint should therefore be denied.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's application to appeal the denial of his class certification motion (Doc. 16) is **DENIED**.

2. Plaintiff's motion to appoint counsel (Doc. 4) is **DENIED**.

3. Plaintiff's motion for the Court's assistance (Doc. 7) is **GRANTED**. The Clerk is **DIRECTED** to send a copy of the complaint to plaintiff by regular U.S. mail. Plaintiff shall have **twenty-one (21) days** from the date of this Order to provide service copies of the complaint so that service can be executed on each of the named defendants.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to amend/correct the complaint (Doc. 17) be **DENIED**.

Date: 8/16/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY P. GALLANT,
Plaintiff

Case No. 1:16-cv-00383

Dlott, J.
Litkovitz, M.J.

vs.

MR. HOLDREN, et al.,
Defendants.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).