UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY P. GALLANT,
Plaintiff

Case No. 1:16-cv-00383

Dlott, J.
Litkovitz, M.J.

vs.

MR. HOLDREN, et al.,
Defendants.

**ORDER AND REPORT
AND RECOMMENDATION**

## I. Introduction

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this pro se action under 42 U.S.C. § 1983 claiming violations of his Eighth Amendment rights. The matter is before the Court on the following motions: (1) plaintiff's motion to appoint counsel (Doc. 32); (2) defendants' motion to stay (Doc. 36)[1] and plaintiff's opposing memorandum (Doc. 39); (3) plaintiff's motion to strike defendants' motion to stay (Docs. 34, 36) and notice of appearance by defendants' counsel (Docs. 33, 35)[2] (Doc. 38); and (4) plaintiff's motion for default judgment (Doc. 41).

## II. Background

On July 7, 2016, following *sua sponte* review of the complaint, the District Judge issued an Order adopting the Report and Recommendation of the undersigned recommending that plaintiff could proceed on an Eighth Amendment claim but that plaintiff's motion for class certification be denied. (Docs. 6, 13). Plaintiff thereafter moved to appeal the order denying his motion for class certification. (Doc. 16). The undersigned denied the motion for leave to appeal

---

[1] Doc. 36 is a duplicate of the original motion to stay (Doc. 34) with a corrected certificate of service.

[2] Doc. 35 is a duplicate of the original notice of appearance (Doc. 33) with a corrected certificate of service.

on August 16, 2016. (Doc. 19). Plaintiff filed a motion for an extension of time to file an appeal and a notice of appeal from the undersigned's order on August 22, 2016. (Docs. 24, 25). Plaintiff's notice of appeal was assigned a case number on September 27, 2016. (9/27/16 docket entry).

Summons were returned executed as to defendants Cadogan, Cool, Holdren and Mahlman on that same date. (Doc. 28). Counsel for defendants filed his notice of appearance as corrected (Doc. 35) and his motion to stay as corrected (Doc. 36) on November 16, 2016. Plaintiff moved to strike defendants' motion to stay and filed a response in opposition to the motion to stay on November 28, 2016. (Docs. 38, 39). Plaintiff filed an application to the clerk for entry of default and his motion for default judgment on that same date. (Docs. 41, 42). The Court of Appeals issued an order on December 21, 2016, dismissing plaintiff's appeal. (Doc. 42).

Defendants Cadogan, Cool, Holdren and Mahlman filed their answer on January 4, 2017. (Doc. 43). Plaintiff filed a petition for rehearing *en banc* in the Court of Appeals on January 6, 2017. (Doc. 44).

### III. The pending motions

#### 1. Plaintiff's motion to appoint counsel (Doc. 32)

Plaintiff filed a second motion to appoint counsel in the district court proceedings on November 4, 2016. (Doc. 32). Plaintiff alleges he is unable to provide adequate legal representation for the class of individuals he purports to represent. As the Court previously found, however, plaintiff is limited to pursuing this case on his own behalf. Insofar as plaintiff seeks to have counsel appointed to represent him, the law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-

05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore, the Court will deny plaintiff's motion for appointment of counsel (Doc. 32).

**2. Plaintiff's motion to strike (Doc. 38)**

Plaintiff moves the Court to strike defendants' motion to stay (Doc. 36) and the notice of appearance entered by defendants' counsel (Doc. 35). Plaintiff alleges the filings should be stricken under Fed. R. Civ. P. 12 because defendants have not offered a sufficient justification for their "belated" filings. (Doc. 38).

Rule 12(f) provides that on motion made by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). Striking a pleading is a drastic remedy, and motions to strike are therefore generally viewed with disfavor and are rarely granted. *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953); *Morrow v. South,* 540 F. Supp. 1104, 1111 (S.D. Ohio 1982) (Rule 12(f) motions "are not favored, and should not be granted unless it is apparent that the matter has no possible relation to the controversy.").

There is no valid reason to strike defendants' motion to stay or counsel's notice of

3

appearance. Rule 12(f) does not authorize striking these matters on timeliness grounds, and there is no other basis for striking them under the rule. The Court will therefore deny plaintiff's motion.

### 3. Defendants' motion to stay (Doc. 36)

Defendants ask the Court to stay these proceedings pending resolution of plaintiff's appeal to the Sixth Circuit. (Doc. 36). Defendants also request an extension of 14 days following the decision on appeal to file their answer. Because the Sixth Circuit has issued its decision on appeal (Doc. 42) and defendants filed their answer within 14 days after the decision (Doc. 43), defendants' motion is moot.

### 4. Plaintiff's motion for default judgment (Doc. 41)

Plaintiff filed an application to the clerk for entry of default (Doc. 46) and a motion for default judgment on November 28, 2016. (Doc. 41). Plaintiff notes in the motion that although the undersigned ordered that a copy of the complaint and summons be served on defendants on August 22, 2016, defendants had not filed an answer or other responsive pleading as of the date plaintiff filed the motion for default judgment. (Doc. 41).

Obtaining a default judgment is a two-step process governed by Fed. R. Civ. P. 55. (Doc. 41). First, under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters the party's default, the plaintiff must move the court for a default judgment under subsection (b)(2).

Plaintiff is not entitled to default judgment because he has not completed the first step under Rule 55(a) by obtaining an entry of default by the clerk. *See Heard v. Caruso*, 351 F.

4

App'x 1, 15-16 (6th Cir. 2009) (before a party obtains a default judgment under Rule 55(b)(1) or (b)(2), there must be an entry of default by the clerk under Rule 55(a) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682, at 13 (3d ed. 1998)). Further, plaintiff is not entitled to a default judgment because defendants have not failed to plead or otherwise defend this case. Service was executed on defendants in mid-September of 2016. (Doc. 28). Defendants filed a motion to stay and counsel for defendants entered an appearance two months later in November of 2016. (Docs. 33, 35, 36). Defendants subsequently filed an answer to the complaint on January 4, 2017, after plaintiff's appeal was dismissed by the Sixth Circuit. (Doc. 43). Thus, defendants have demonstrated their intent to defend this action. Plaintiff's motion for default judgment (Doc. 41) should be denied on these grounds.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to appoint counsel (Doc. 32) is **DENIED.**

2. Plaintiff's motion to strike (Doc. 38) is **DENIED**.

3. Defendants' motion to stay (Doc. 34) and corrected motion to stay (Doc. 36) are **DENIED** as moot.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for default judgment (Doc. 41) be **DENIED**.

Date: 2/1/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY P. GALLANT,
    Plaintiff

Case No. 1:16-cv-00383

Dlott, J.
Litkovitz, M.J.

vs.

MR. HOLDREN, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).