# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JEREMY P. GALLANT,
Plaintiff,

vs.

MR. HOLDREN, et al.,
Defendants.

Case No. 1:16-cv-00383

Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

## I. Introduction

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this pro se action under 42 U.S.C. § 1983 alleging violations of his civil rights. (Doc. 3). This matter is before the Court on plaintiff's motions (1) to "Stay Civil Proceedings Pending Submission of Amended Pleadings" (Doc. 49), (2) for "Leave to Supplement/Amend-Request to Add Relating Assertions-Fed. R. Civ. P. Rule 15 Amended Pleadings" (Doc. 50), and (3) for a Court Order to defendants to preserve and produce video recordings (Doc. 53). Defendants have a filed a memorandum in response to plaintiff's motions. (Doc. 54).

### 1. Motion to amend/supplement the complaint (Doc. 50)

Plaintiff moves to supplement the original complaint to add allegations related to incidents that occurred after the event alleged in the original complaint. (Doc. 50). Supplementation of a complaint is governed by Fed. R. Civ. P. 15, which states in part:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

Fed. R. Civ. P. 15(d). Whether to grant or deny a request to supplement a pleading is left to the sound discretion of the trial court. *Burse v. Robinson*, No. 2:14-cv-403, 2015 WL 2337781, *2 (S.D. Ohio May 13, 2015) (King, M.J.) (citations omitted). In exercising its discretion under Rule 15(d), the Court considers "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002) (same standard of review and rationale apply to motions filed under Fed. R. Civ. P. 15(a) and 15(d)). A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Proposed supplements to a prisoner's complaint must be *sua sponte* reviewed under 28 U.S.C. §§ 1915 and 1915A. Courts have generally held that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). *See also Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (citation omitted) (proposed amendment adding new unrelated claims against new defendants not allowed).

Plaintiff states that he seeks to supplement the complaint to add allegations that directly relate to his original assertions. (Doc. 50). Plaintiff generally alleges in his motion that he has been subjected to a "campaign of departmental reprisals" in retaliation for filing the original

2

complaint. (*Id.* at 2). However, plaintiff does not make any specific factual allegations regarding the alleged reprisals. (*Id.*). Plaintiff has submitted a declaration alleging that unnamed "state employees" subjected him to a "savage and merciless beating" that led to him "being life flighted on life support," but plaintiff's declaration includes no factual allegations to show that the alleged beating is related to the incident alleged in the original complaint. (Doc. 51). Any unrelated claims are properly addressed in a separately filed new civil rights complaint and not in a supplemental complaint filed in this action. *See George*, 507 F.3d at 607; *Hetep*, 27 F. App'x at 309. Accordingly, plaintiff's motion to supplement his complaint to add claims or allegations related to events that occurred subsequent to the incident set forth in the original complaint should be denied.

**2. Motion for order to preserve and produce video evidence (Doc. 53)**

Plaintiff moves the Court for an Order under the discovery rules requiring defendants to preserve and produce camera footage of Unit J-4 at SOCF dated February 13, 2016. (Doc. 53). Motions to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Further, S.D. Ohio Civ. R. 37.1 requires that motions to compel "shall not be filed in this Court . . . unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences." S.D. Ohio Civ. R. 37.1. An individual is not excused from adhering to the requirements of the Federal Rules of Civil Procedure or the Local Rules for this District simply because he is proceeding pro se. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) (noting that pro se litigants may receive some leniency with regard to procedural rules, particularly where a procedural error could be fatal or where the litigant is incarcerated, but emphasizing that "we have never

3

suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Plaintiff's motion does not include the necessary certification that he conferred or attempted to confer with defendants' counsel prior to filing his motion to compel discovery with the Court. Nor does plaintiff assert in his motion that he has made extrajudicial efforts to resolve the discovery issue. Had plaintiff conferred with defendants' counsel, he likely would have been able to resolve this matter without filing a motion. Defendants state in their response to plaintiff's motion that the camera footage plaintiff seeks has been preserved and is available for plaintiff's review under SOCF's institutional rules. (Doc. 54 at 4-5). Accordingly, the Court must deny plaintiff's motion to compel the preservation and production of the camera footage.

### 3. Motion to stay proceedings (Doc. 49)

Plaintiff requests a stay of these proceedings pending a decision on his motion to amend/supplement the complaint and/or submission of the amended/supplemental pleadings. (Doc. 49). A stay would unnecessarily delay the resolution of this lawsuit. The Court will therefore deny plaintiff's request.

**IT IS THEREFORE RECOMMENDED THAT:**

(1) Plaintiff's motion to amend/supplement the complaint (Doc. 50) be **DENIED**.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's motion to stay civil proceedings (Doc. 49) is **DENIED**.

(2) Plaintiff's motion for preservation and discovery of video evidence (Doc. 53) is **DENIED**.

Date: <u>February 15, 2018</u>             s/ Karen L. Litkovitz
                                                                   Karen L. Litkovitz
                                                                   United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JEREMY P. GALLANT,
Plaintiff

Case No. 1:16-cv-00383

Dlott, J.
Litkovitz, M.J.

vs.

MR. HOLDREN, et al.,
Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).