UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY P. GALLANT,
Plaintiff,

vs.

MR. HOLDREN, et al.,
Defendants.

Case No. 1:16-cv-00383

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this pro se action under 42 U.S.C. § 1983 alleging violations of his civil rights. (Doc. 3). This matter is before the Court on plaintiff's motion for joinder of defendants under Fed. R. Civ. P. 19 and 20 (Doc. 58) and defendants' response in opposition to the motion (Doc. 59).

Plaintiff filed the original complaint in this action on April 21, 2016, against defendants Mr. Cool, Mr. Holdren, Ms. Mahlman, Anthony Cadogan, and 10 John/Jane Doe defendants. (Doc. 3). Plaintiff's claims arise out of an alleged sewage leak that occurred on February 13, 2016 in the J-4 unit of SOCF where he was housed. Plaintiff alleges that defendants were deliberately indifferent to his safety in violation of his Eighth Amendment rights in connection with the sewage leak and bio-hazardous contamination resulting from the leak.

Plaintiff filed his motion for permissive and mandatory joinder of defendants on November 15, 2017. Plaintiff alleges that he seeks to substitute named defendants for the John/Jane Doe defendants listed in the original complaint. (Doc. 58). Plaintiff identifies these individuals as Officer T. Crilow, R. Carver, R. Koch, J. Thornhill, J. Miller, T. Tackett, S. Jordan, E. Buckler, and M. Mathias. Plaintiff alleges that defendant Cool identified these individuals in response to interrogatories that plaintiff sent him on October 26, 2017, requesting

the names of all personnel assigned to the J-4 housing unit on February 13, 2016 between the hours of 12:00 a.m. and 11:59 p.m. Plaintiff alleges he received Cool's responses on November 1, 2017, and that Cool identified the individuals on duty as Crilow and Carver (rover) (3rd shift on 2/12/16); Koch, Thornhill and Miller (1st shift on 2/13/16); Tackett, Jordan and Buckler (2nd shift on 2/13/16); and Mathias and Carver (rover) (3rd shift on 2/13/16).

The original defendants oppose plaintiff's request for joinder, which they construe as a motion to amend the complaint. (Doc. 59). Defendants allege that the proposed amendment is futile because plaintiff's claims against the newly-identified individuals would not survive a motion to dismiss. Defendants argue that plaintiff has made only conclusory allegations, and these individuals are entitled to immunity from liability as asserted in defendants' answer to the original complaint. (*See* Doc. 43). Defendants also argue that amending the complaint at this stage of the case would cause undue delay and would prejudice defendants by forcing them to defend against an ever-changing set of claims.

Plaintiff's motion for joinder is properly construed as a motion to amend the complaint under Fed. R. Civ. P. 15(a) to substitute named defendants for the John Doe defendants. The granting or denial of a motion to amend under Rule 15(a) is within the discretion of the trial court, and leave to amend should be liberally granted. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 421 (6th Cir. 2000).

Plaintiff's motion for leave to amend the complaint to substitute the individuals identified in defendants' interrogatory answers for the John/Jane Doe defendants should be denied. Plaintiff did not make any factual allegations against the John/Jane Doe defendants in the original complaint. (Doc. 3). Nor does plaintiff allege in his motion to amend that any one of the newly-named individuals acted, or failed to act, with deliberate indifference to plaintiff's safety and that he was harmed as a result. (Doc. 58). Plaintiff indicates only that the named individuals are "responsible" for the alleged violation of his Eighth Amendment rights, presumably because they were on duty for some portion of the day when the sewer leak occurred. (*Id.*). This is an insufficient basis for imposing liability on these individuals. First, it is not clear from plaintiff's allegations whether the individuals he seeks to substitute for the John/Jane Doe defendants were even present in the J-4 unit when the sewage leak was discovered at 4:00 a.m. on February 13, 2016 and before the situation was resolved. (*See* Doc. 3 at 8). Further, plaintiff's vague and conclusory allegations that the named individuals are "responsible" for violating his rights by virtue of being on duty at some point during the day of the leak are insufficient to support an inference that these individuals are liable for the alleged violation of plaintiff's Eighth Amendment rights. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Because plaintiff has not alleged any facts which permit a reasonable inference that these individuals violated plaintiff's Eighth Amendment rights, plaintiff's motion for leave to add named parties to the complaint in place of John/Jane Doe defendants should be denied on the ground the proposed amendment would be futile.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion to amend the complaint (Doc. 58) be **DENIED**.

Date: 3/27/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY P. GALLANT,
    Plaintiff

Case No. 1:16-cv-00383

Dlott, J.
Litkovitz, M.J.

vs.

MR. HOLDREN, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).